IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| FIRSTENERGY PENNSYLVANIA ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>FOSTER WHEELER ENERGY CORPORATION,<br><br>Defendant, | 2:25-CV-00112-MJH |

OPINION AND ORDER

Plaintiff, FirstEnergy Pennsylvania Electric Energy Company, as successor in interest to Pennsylvania Power Company brings the within action for Breach of Contract (Count I) and Indemnification (Count II) against Defendant, Foster Wheeler Energy Corporation, for its alleged failure to defend and indemnify. (ECF No. 4). Foster Wheeler now moves to dismiss FirstEnergy's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). (ECF No. 12). The matter is now ripe for decision.

Upon consideration of FirstEnergy's Amended Complaint (ECF No. 4), Foster Wheeler's Motion to Dismiss (ECF No. 12), the respective briefs (ECF Nos. 13, 14, and 15), and for the following reasons, Foster Wheeler's Motion to Dismiss will be denied.

I.  Background

On or about August 17, 1971, Penn Power and Foster Wheeler entered into a Contract for the erection and installation of steam generators and coal-fired boilers for Units 1 and 2 at the Bruce Mansfield facility in Shippingport, Pennsylvania. (ECF No. 4 at ¶¶ 6-7). Plaintiff alleges that Foster Wheeler contracted with CopesVulcan to manufacture and supply the soot blower system for the coal-fired boilers to be erected at Bruce Mansfield Units 1 and 2. *Id*. at ¶ 8.

During the erection and start-up of the coal-fired boilers for Units 1 and 2 in the mid-1970s, Roger Johnson allegedly served as the sole representative of Copes Vulcan, and he worked directly with Foster Wheeler's employees. *Id*. at ¶ 9. Plaintiff alleges that, during the eight-week start-up process, Mr. Johnson had no contact with any Penn Power employee, and he took all of his directions and instructions in the performance of his work from Foster Wheeler's foreman and/or superintendent. *Id*. at ¶ 10. Plaintiff further avers that Mr. Johnson's Copes Vulcan work at Bruce Mansfield was performed pursuant to the contract between Foster Wheeler and Copes Vulcan. *Id*. at ¶ 11. Mr. Johnson claims that, while he was working on behalf of Foster Wheeler during the erection of the coal-fired boilers, he was exposed to asbestos/asbestos-containing materials. *Id*. at ¶ 12.

On or about October 3, 2023, Roger E. Johnson and Cathy Johnson filed a lawsuit in the Court of Common Pleas of Allegheny County, alleging that Mr. Johnson sustained injuries as a result of his alleged exposure to asbestos while employed by Copes Vulcan between 1974 and 1988 (state court lawsuit). *Id*. at ¶ 13. Mr. Johnson named both Penn Power and Foster Wheeler in Mr. Johnson's state court lawsuit. *Id*. at ¶ 15.

Plaintiff alleges that, pursuant to an agreement between Penn Power and Foster Wheeler, Foster Wheeler agreed to indemnify and save Penn Power harmless from "and against any and all claims, demands, damages, actions or causes of action, together with any and all losses, costs or expenses in connection therewith or related thereto, asserted by any person or persons for bodily injuries, death or property damage arising or in any manner growing out of the work performed or to be performed under the Contract." *Id*. at ¶ 16. On October 30, 2024, prior to trial in the state court action, Penn Power tendered its defense and indemnification to Foster Wheeler. *Id*. at ¶ 17. Foster Wheeler did not accept said tender. *Id*. at ¶ 18. Plaintiff alleges

2

that on or about November 16, 2024, Penn Power agreed to settle all claims asserted against it in the state court matter. *Id*. at ¶ 19.

Foster Wheeler now moves to dismiss, arguing 1) The *Rooker-Feldman* doctrine divests this Court of subject matter jurisdiction; 2) Plaintiff's claims are precluded by res judicata; and 3) The contract between Penn Power and Foster Wheeler contains an arbitration clause that mandates arbitration.

II.   Discussion

A.  **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)**

Foster Wheeler argues that any cross-claim for indemnification that Plaintiff asserted or could have asserted against Foster Wheeler were extinguished when the state court, based upon the statute of repose, granted Foster Wheeler's Motion for Summary Judgment in the state court lawsuit.  Foster Wheeler contends that, because Plaintiff did not appeal that order, the *Rooker-Feldman* doctrine precludes this Court from reviewing or altering the state court decision.

Plaintiff maintains that *Rooker-Feldman* does not divest this Court of subject matter jurisdiction, because the Amended Complaint is not "complaining of injuries caused by the state court's judgment."  Specifically, Plaintiff argues that it is not seeking review or reversal of the state court's summary judgment ruling, because it is seeking relief for Foster Wheeler's independent breach of its contractual obligations to defend and indemnify.

Under the *Rooker-Feldman* Doctrine, a federal district court may not exercise subject matter jurisdiction if doing so could result in "overturn[ing] an injurious state-court judgment." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). The *Rooker-Feldman* Doctrine bars "cases brought by state court losers complaining of injuries caused by a state court judgment rendered before the district court proceedings commenced and inviting the

district court's review and rejection of those judgments." *Id*. at 284. There are four elements required for the *Rooker-Feldman* doctrine to apply: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (quoting *Exxon Mobil*, 544 U.S. at 284).

Here, on the face of the pleadings and the attached documents from the state court lawsuit, the ruling on summary judgment does not appear to have "caused injury to the plaintiff." In the one-page state court order filed with the Court (ECF No. 12-4), the state court appears to have granted summary judgment based upon product identification. Nothing in the state court record, presently before the court, indicates that this order was granted based upon the statute of repose or that any cross-claims for indemnity were expressly extinguished between Penn Power and Foster Wheeler. Further, the basis for Plaintiff's contractual indemnification stems from matters outside of the state-court record, specifically Penn Power's request to tender a defense and indemnification and Foster Wheeler's rejection of said tender. Therefore, the Court cannot find, at this stage, that Plaintiff would be precluded from pursuing its claims in the Amended Complaint, based upon the *Rooker-Feldman* doctrine.

Accordingly, Foster Wheeler's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), asserting the *Rooker-Feldman* doctrine, will be denied.

### B. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

1. Relevant Standard

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most

favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

The Supreme Court clarified that this plausibility standard should not be conflated with a higher probability standard. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief [*5] above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a prima facie case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quoting *Graff v. Subbiah Cardiology Assocs. Ltd.*, 2008 U.S. Dist. LEXIS 44192, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d

902, 906 n.8 (3d Cir. 1997). The primary question in deciding a motion to dismiss is not whether the plaintiff will ultimately prevail; but rather, whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000). The purpose of a motion to dismiss is to "streamline[] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

      2. Analysis

         a. <u>Res Judicata</u>

Foster Wheeler argues that res judicata precludes Plaintiff's claims, because the same have been decided in the state court lawsuit. Foster Wheeler maintains that the November 15, 2024 Order, granting summary judgment to Foster Wheeler, encompasses all cross-claims that were or could have been asserted.

Plaintiff asserts the indemnity and breach of contract claims are independent of the underlying state court lawsuit tort action. Further, Plaintiff argues that the Amended Complaint asserts a new and distinct cause of action arising from a separate legal obligation—namely, Defendant's refusal to honor the indemnity clause. Plaintiff also contends that the state court order on summary judgment was not a final adjudication of the cross-claims.

Res Judicata, also known as claim preclusion, bars "repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 315 (2011). It is a rule founded on the general public policy that once a court has decided a contested issue, the litigation may not be renewed in another court. *See Heiser v. Woodruff*, 327 U.S. 726, 733 (1946). To successfully raise the defense of Res Judicata, the party asserting the defense must

show that there has been (i) a final judgment on the merits in a prior suit involving (ii) the same parties or their privies and (iii) a subsequent suit based on the same causes of action. *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984).

Here, Plaintiff's arguments are well-taken at this stage of the litigation. Nothing in the state court record before this Court provides any indication that the merits of the cross-claims were decided by the state court. Further, the Amended Complaint is based upon distinct causes of action, arising out of the Penn Power and Foster Wheeler contract, which were not subject to the pleadings and evidence in the state court case. Therefore, the Plaintiff's Amended Complaint would not be barred under the doctrine of res judicata.

Accordingly, Foster Wheeler's Motion to Dismiss, based upon res judicata, will be denied.

### b. Arbitration

Finally, Foster Wheeler argues that the contract between Plaintiff and Foster Wheeler contains an arbitration clause that mandates arbitration upon request of either party. However, Plaintiff contends that, pursuant to the terms of the contract, since neither party requested arbitration within sixty (60) days of the occurrence giving rise to the dispute, both parties have waived their rights to arbitrate the dispute.

The Foster Wheeler and Penn Power Contract provides as follows:

> Either party may request that any question in dispute between the parties arising out of the Contract which cannot be amicably settled shall be submitted to final and binding arbitration. (….) The request for arbitration shall be in writing setting forth in detail the claim or claims to be arbitrated, the amount involved, if any, and the remedy sought. It shall be delivered to the other party within 60 days of the date of the occurrence giving rise to the dispute. Any failure to request arbitration within such 60-day period shall be deemed a waiver of the right to arbitrate the claim upon which the dispute is based.

(ECF No. 12-9 at pp. 15-16).

Here, the arbitration provision is triggered once there exists a "dispute between the parties arising out of the Contract." The parties disagree as to when that dispute arose. Foster Wheeler seems to suggest that it could not have requested arbitration until after the claims against Foster Wheeler in state court were dismissed. Plaintiff, on the other hand, claims that the dispute would have arisen as of November 24, 2024, when Plaintiff entered into the settlement agreement with the Johnsons. Plaintiff argues that Foster Wheeler made no request for arbitration within sixty days from November 24, 2024; therefore, the contract right to request arbitration expired.

Plaintiff's Amended Complaint speaks to a dispute that arose out of the October 30, 2024 tender letter by Plaintiff to Foster Wheeler. (ECF No. 4-3). Further, the later and subsequent settlement agreement between Plaintiff and the Johnsons onNovember 24, 2024, also determined the amount of damages of Plaintiff damages for this claim. That tender letter and the later settlement placed the current breach of contract and indemnification claims at issue. More than sixty days elapsed between that tender letter and the settlement agreement between Plaintiffs and the Johnsons and Foster Wheeler's April 16, 2025 request for arbitration. Foster Wheeler points to no earlier date that would have been within sixty days of this dispute. Therefore, Foster Wheeler waived the arbitration clause.

Accordingly, Foster Wheeler's Motion to Dismiss, as it relates to arbitration, will be denied.

III.    Conclusion and Order

For the foregoing reasons, Foster Wheeler's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) is denied. Foster Wheeler shall file its Answer on or before August 13, 2025.

DATED this 30th day of July, 2025.

                              BY THE COURT:

                              _____
                              MARILYN J. HORAN
                              United States District Judge